IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ABIGAIL JOHNCHARLES AND CHARLES JOHNCHARLES, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:18-cv-00507-O-BP |
| WELLS FARGO BANK, N.A., | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss and Brief in Support filed June 29, 2018. (ECF No. 7). United States District Judge Reed O'Connor referred this case to the undersigned for pretrial management by Order entered on July 26, 2018. (ECF No. 13). After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendant's Motion to Dismiss (ECF No. 7), **DISMISS** Plaintiffs' claim to quiet title **with prejudice**, **DISMISS** Plaintiffs' other claims **without prejudice**, and allow Plaintiffs an opportunity to file an amended complaint within the fourteen days allotted for objections to this recommendation. If, however, Plaintiffs file an amended complaint within the prescribed time period, the Motion should be **DENIED** as moot as to the claims not dismissed with prejudice, and the action should be allowed to proceed on the amended complaint.

**BACKGROUND**

Plaintiffs Abigail and Charles JohnCharles ("Plaintiffs") sued Defendant Wells Fargo, N.A. ("Wells Fargo") to quiet title and for damages allegedly resulting from fraud, breach of contract, violation of the Texas Debt Collection Act ("TDCA"), and wrongful foreclosure. (ECF No. 1). They also requested injunctive relief to prevent Wells Fargo's foreclosure and declaratory relief concerning the title to Plaintiffs' property located at 9172 Hawley Drive, Fort Worth, Texas, 76248 (the "Property"). (ECF No. 1-5). On June 21, 2018, Wells Fargo timely removed the case to this Court on the basis of diversity jurisdiction. (*Id.*).

The following facts are derived from Plaintiffs' state court petition (ECF No. 1-5) filed in this case, their earlier filed state court petition that was also removed to this Court in *Abigail-JohnCharles v. Wells Fargo Bank, N.A.*, *et al.*, No. 4:18-cv-00115-A (N.D. Tex.), (ECF No. 1-5) (herein referred to as "AJC-Pt") concerning the same Property and deed of trust, and the deed of trust (ECF No. 8). Plaintiffs initially purchased the Property on or about December 1, 2008. (AJC-Pt at 4). In connection with the purchase, the Plaintiffs executed a note in the principal amount of $233,213.00 and a deed of trust that granted a security interest in the Property to secure repayment of the note. (*Id.*). Initially, Mortgage Electronic Registration Systems, Inc. ("MERS"), as beneficiary, held the deed of trust as nominee for Primelending, the lender. (ECF No. 8 at 3). The deed of trust was recorded on December 9, 2008 in the real property records of Tarrant County, Texas, and later was assigned to Wells Fargo on October 6, 2011. (AJC-Pt at 4–5).

Plaintiff Abigail alleged in her first state court petition that after making payments for several years, she encountered severe health issues in 2012 and again in 2015. (*Id.* 5–7). She alleges that during these time periods she sought to modify the loan with Wells Fargo. (*Id.*). Eventually,

her health deteriorated to a point where she was unable to work or drive, and her attempts to modify the loan with Wells Fargo proved unsuccessful. (*Id.* 7–9).

Wells Fargo initiated foreclosure proceedings, and a substitute trustee sale of the Property was scheduled for June 5, 2018. (ECF No. 1-5 at 8). Plaintiffs filed this current action, in part, to forestall Wells Fargo's foreclosure proceeding. (*Id.* at 9). Plaintiffs were successful in obtaining a temporary restraining order ("TRO") in the state court, enjoining the foreclosure sale on June 1, 2018, which was extended on June 13, 2018 so that a hearing could be held to determine if the TRO should be converted into a temporary injunction pending a final hearing. (*See* ECF Nos. 1-9, 1-13). However, the record is unclear if the hearing was held prior to removal of the case.

Plaintiffs' claims arise from an alleged failure by Wells Fargo to provide proper notice of default and intent to accelerate the note as required by state and federal law and as provided for under the deed of trust. (ECF No. 1-5 at 3). Further, Plaintiffs contend Wells Fargo did not provide them with an in-person consultation as required by federal law. (*Id.*). Moreover, Plaintiffs contend Wells Fargo misrepresented Plaintiffs' ability to obtain a loan modification and that its actions constitute violations of the TDCA. (*Id.* at 5). Plaintiffs' more specific allegations as to each count are discussed below.

Since this case was removed from state court to this Court, Plaintiffs have not amended their petition. Wells Fargo filed its motion to dismiss on June 29, 2018. Attached to Wells Fargo's motion are the deed of trust between Primelending and Plaintiffs dated December 1, 2008, and Corporate Assignment of Deed of Trust that was recorded on October 6, 2011 in the Real Property Records of Tarrant County, Texas as Instrument Number D208449501 evidencing the assignment from Primelending to Wells Fargo. (ECF No. 8). Plaintiffs timely filed their response to the motion and Wells Fargo timely filed its reply. The motion is now ripe for decision.

**LEGAL STANDARD**

As an initial matter, the undersigned will address Wells Fargo's contention that the Court should apply the federal pleading standard to this case. When a case is removed to federal court, the pleading standard from the state court applies to the pleadings on file when the case is removed. *Rendon v. Walgreens*, 144 F. Supp. 3d 894, 896 (N.D. Tex. 2015). Texas Rule of Civil Procedure 91a governs disposition of cases with "no basis in law or fact." Tex. R. Civ. P. 91a. Although Rule 91a is not identical to Federal Rule of Civil Procedure 12(b)(6), several Texas Courts of Appeals have applied case law interpreting Rule 12(b)(6) to Rule 91a. *See Aguilar v. Morales*, 545 S.W.3d 670, 676 (Tex. App.—El Paso 2017, pet. denied); *Wooley v. Schaffer,* 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied); *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied); *see also Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 612 (Tex. App.—Corpus Christi 2017, no pet.) (noting Texas Courts of Appeals have interpreted Rule 91a as essentially calling for a Rule 12(b)(6)-type analysis while also noting the pleading standard in Texas is "fair notice," which is more lenient than the standard under the Federal Rules of Civil Procedure).

Because Plaintiffs initially filed this suit in Texas state court and have not amended their pleading, the undersigned will apply Texas' "fair notice" pleading standard under Texas Rule of Civil Procedure 45(b). *See Taylor v. Bailey Tool Mfg. Co*., 744 F.3d 944, 946–47 (5th Cir. 2014) (federal rules apply to civil actions after removal from state court, but do not provide for retroactive application to the procedural aspects of a case that occurred in state court prior to removal) (citing Fed. R. Civ. P. 81(c)(1)); *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000) (considering sanctions and holding that "federal rules do not apply to filings in state court, even if the case is later removed to federal court"). The Texas "fair notice" pleading standard "looks to whether the

opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corporation v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000); s*ee* Tex. R. Civ. P. 45(b) ("That an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole."). Rule 45(b) requires that the pleading "consist of a statement in plain and concise language of the plaintiff's cause of action."

Under the federal rules, to survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Compare with* Tex. R. Civ. P. 91a ("A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.").

In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). As stated above, under Texas Rule 91a.1, a cause of action may be dismissed if it has "no basis in law or fact." Thus, the federal pleading standards are more stringent than the Texas "fair notice" standard. However, the difference between the federal and Texas pleading standards is not dispositive here because under Texas' more lenient standard Plaintiffs fail to state a viable claim.

"Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. However, courts may also consider matters of which they may take

judicial notice." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). Therefore, in ruling on a motion to dismiss, courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). Documents in these categories may properly be considered without converting the motion to dismiss into a motion for summary judgment. *Judy Chou Chiung-Yu Wang v. Prudential Ins. Co. of Am.*, 439 F. App'x 359, 363 (5th Cir. 2011) (per curiam) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (stating a district court may permissibly considered matters of public record in deciding a 12(b)(6) motion to dismiss)).

## ANALYSIS

As noted above, Plaintiffs allege several claims in their petition. Wells Fargo seeks dismissal with prejudice. (*Id.*). In their response to Wells Fargo's motion, Plaintiffs requested leave to amend their fraud claim and agreed to voluntarily dismiss their wrongful foreclosure claim without prejudice. Accordingly, the Court addresses each of Plaintiffs' remaining claims in turn.

**I.      Plaintiffs did not properly support their claim to quiet title.**

To prevail on a claim to quiet title, the plaintiff must prove: (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable. *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 766 (N.D. Tex. 2012) (citing *U.S. Nat. Bank Ass'n v. Johnson*, 2011 WL 6938507, at *3 (Tex. App—Houston [1st Dist.] Dec. 30, 2011) (citations omitted)). In a suit to quiet title, plaintiffs "must allege right, title, or ownership in [themselves] with sufficient certainty to enable the court to see [that] [they] ha[ve] a right of ownership that will warrant judicial interference." *Hurd*, 880 F. Supp. 2d at 767–68 (quoting *Wright v. Matthews,* 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied) (quotation omitted)). "A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not the weakness of his adversary's title." *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.).

Plaintiffs allege that they acquired the Property by special warranty deed on December 9, 2008; they executed the deed of trust with Primelending that is secured by the Property; and "[b]ased on belief and information, Plaintiffs believe [Wells Fargo] may not be the current holder of the Note and Deed of Trust . . . [t]herefore, [Wells Fargo's] claim through a Foreclosure Sale Deed would be invalid." (ECF No. 1-5 at 4). Plaintiffs do not contest the validity of the deed of trust. Instead, they allege that Wells Fargo may not be the true owner of the deed of trust and, therefore, cannot enforce it. Plaintiffs do not claim that their title to the Property is superior to that established in the deed of trust. Thus, Plaintiffs do not stand on the strength of their own title, but instead attack the alleged weakness of Wells Fargo's ownership of the deed of trust. Accordingly, even when taking Plaintiffs' allegations as true, they did not plead an action to quiet title. *Perez v. Ocwen Loan Servicing, LLC*, No. 4:15-CV-1751, 2015 WL 7430920, at *4 (S.D. Tex. Nov. 20,

2015) (citing *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, 586 F. App'x 631, 633 (5th Cir. 2013) (per curiam)).

Moreover, Plaintiffs' contention that Wells Fargo is not the current owner of the note and deed of trust is unavailing because both "split-the-note" or "show-me-the-note" theories have been widely rejected by Texas courts. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254–55 (5th Cir. 2013). This is because "[w]here a debt is 'secured by a note, which is, in turn, secured by a lien, the lien and the note constitute separate obligations.'" *Martins*, 722 F.3d at 255 (quoting *Aguero v. Ramirez*, 70 S.W.3d 372, 374 (Tex. App.—Corpus Christi 2002, pet. denied)). In contrast to enforcing a personal judgment against a borrower, "[f]oreclosure is an independent action against the collateral" that "enforces the deed of trust, not the underlying note." *McLemore v. CitiMortgage, Inc.*, No. 3:12-CV-713-M BH, 2013 WL 775350, at *4 (N.D. Tex. Feb. 8, 2013) (citing *Reardean v. CitiMortgage, Inc.*, No. A-11-CA-420-SS, 2011 WL 3268307, at *3 (W.D. Tex. July 25, 2011), *adopted by*, No. 3:12-CV-713-M BH, 2013 WL 781601 (N.D. Tex. Feb. 28, 2013).

Wells Fargo attached to its motion to dismiss (1) the deed of trust and (2) a valid assignment of the deed of trust from MERS to Wells Fargo that was recorded in the Real Property Records of Tarrant County, Texas on October 6, 2011. (ECF No. 8). While the Court, generally, cannot consider evidence outside the pleadings on a Rule 12(b)(6) motion, it can take judicial notice of documents in the public record such as a deed of trust and assignment. *Reece v. U.S. Bank Nat. Ass'n*, No. 4:13-CV-982-O, 2014 WL 301022, at *3 (N.D. Tex. Jan. 28, 2014), *aff'd*, 762 F.3d 422 (5th Cir. 2014). That is particularly so when the documents are at issue in the Plaintiffs' pleading. *See Funk*, 631 F.3d at 783 (concluding the district court appropriately took judicial notice of public records directly relevant to the issue). Here, the deed of trust designated MERS as "the beneficiary"

and the nominee for "Lender" and its successors and assigns. (ECF No. 8 at 3). Under the deed of trust, MERS held legal title to the interests Plaintiffs granted. (*Id.* at 4.) MERS had the right to exercise any and all of those interests, including the right to foreclose and sell the Property and to release and cancel the deed of trust. (*Id.*)

When a "book entry system," like MERS, is the "mortgagee" and "is given the power of sale under the deed of trust, then it has the power of sale." *Johnson-Williams v. CitiMortgage, Inc.*, No. 3:14-CV-3927-M BH, 2015 WL 4997811, at *5 (N.D. Tex. Aug. 19, 2015); *see also* Tex. Prop. Code Ann. § 51.0001(4) (West 2014) (defining a mortgagee as "the grantee, beneficiary, owner, or holder of a security instrument; a book entry system; or if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record."). As a mortgagee, MERS has the "authority to transfer the right to foreclose without producing the original [n]ote or [d]eed of [t]rust." *Willeford v. Wells Fargo Bank, N.A.*, No. 3:12-CV-0448-B, 2012 WL 2864499, at *3 (N.D. Tex. July 12, 2012). Thus, Wells Fargo also has the power to foreclose on the Property as the assignee of the deed of trust. *Johnson-Williams*, 2015 WL 4997811, at *5 (holding the new mortgagee did not have to produce the original promissory note when MERS, as original mortgagee and beneficiary of the deed of trust, transferred all of its rights, including the power of sale, to the new mortgagee).

Having taken judicial notice of Wells Fargo's properly recorded deed of trust and assignment, the undersigned finds that Plaintiffs have failed to state a claim to quiet title because no reasonable person could believe that the deed of trust was not properly assigned to Wells Fargo.

## II.     Plaintiffs did not properly support their breach of contract claim.

"Under Texas law, a plaintiff alleging a breach of contract must show '(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach.'" *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016) (quoting *Wright v. Christian & Smith*, 950 S.W.2d 411, 412 (Tex. App.—Houston [1st Dist.] 1997, no writ)).

Wells Fargo contends that because Plaintiffs have not specified which provision of the deed of trust was allegedly breached, then the breach of contract claim fails as matter of law. Plaintiffs' petition alleges that Wells Fargo "provided a way to allow the Plaintiff to cure or reinstate the Deed of Trust" and that Wells Fargo breached that provision by failing to "provide the reinstatement option" to Plaintiffs. (ECF No. 1-5 at 6). Plaintiffs' allegations fail to specify which provisions of the deed of trust require Wells Fargo to provide Plaintiff the right to cure and reinstate the note prior to its attempt to foreclose. However, as Wells Fargo observes, paragraph ten of the deed of trust, labeled "Reinstatement," does not require it to proactively provide Plaintiffs a reinstatement amount before foreclosure proceedings are initiated. Instead, it provides that Plaintiffs have the right to reinstatement even after acceleration and the institution of foreclosure proceedings. (ECF No. 10 at 8). Thus, even if Plaintiffs' allegations, when taken as true, provide notice of Wells Fargo's potential breach of the Reinstatement provision, they are not enough to entitle Plaintiffs to the relief sought. Accordingly, Plaintiffs' breach of contract claim should be dismissed. *See* Tex. R. Civ. P. 91a ("A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought."); *see also England v. JPMorgan Chase Bank, N.A.*, No. 4:14-CV-183-Y, 2014 WL 12588508, at *2 (N.D. Tex. June 19, 2014) (dismissing Plaintiff's breach of contract claim when

the allegations failed to specify which provision of the note or deed of trust required Defendant to give Plaintiff the right to cure or reinstate the note or requires that Defendant demand past-due installments prior to accelerating and attempting to foreclose).

Moreover, "plaintiff[s] must allege [their] own performance, because 'a party to a contract who [are] [themselves] in default cannot maintain a suit for its breach.'" *Villarreal*, 814 F.3d at 767 (quoting *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)). In *Villareal*, the United States Court of Appeals for the Fifth Circuit upheld the district court's dismissal under 12(b)(6) of a breach of contract claim in which the plaintiff had not pleaded facts supporting performance of the contract on the plaintiff's part. *Id.* Here, Plaintiffs allege (1) the existence of the deed of trust; (2) that Wells Fargo breached the deed of trust by failing to provide them with a right to cure or reinstate the deed of trust; and (3) as a result of the breach by Wells Fargo Plaintiffs were damaged for lost equity, mental distress, and attorneys' fees and costs. (ECF No. 1-5 at 6). The petition is devoid of any allegations that Plaintiffs performed under the deed of trust. Accordingly, Plaintiff's breach of contract claim has no basis in law and should be dismissed.

**III.     Plaintiffs' claim for violation of the TDCA should be dismissed because they have pleaded insufficient facts to state a violation of the TDCA and have not pleaded actual damages as required by the TDCA.**

To state a claim under the TDCA, Plaintiffs must show: (1) the debt is a consumer debt; (2) Wells Fargo is a debt collector within the meaning of the TDCA; (3) Wells Fargo committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against Plaintiffs; and (5) Plaintiffs were injured as result of Wells Fargo's wrongful act. *Sgroe v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 731, 743 (E.D. Tex. 2013). Here, Plaintiffs allege that (1) Wells Fargo's actions qualify them as a debt collector; (2) Plaintiffs never received proper notice of the foreclosure sale as required by § 51.002(b) of the Texas Property Code; (3) Plaintiffs never

received proper notice of the right to cure their alleged default as required by § 51.002(d) of the Texas Property Code, which states such notice must be sent by a mortgage servicer; (4) the mortgage servicer is an agent of Freedom Mortgage [sic]; and (5) Plaintiffs seek rescission of the trustee's sale or, in the alternative, damages for the lost equity, the mental distress resulting from the improper sale, and attorneys' fee and costs. (ECF No. 1-5 at 6).

Plaintiffs' TDCA claim is defective for several reasons. First, Plaintiffs failed to specify which provision of the act Wells Fargo allegedly violated. Although courts have held that vague references to sections or provisions of the TDCA are insufficient to overcome dismissal under Rule 12(b)(6), *see, e.g.*, *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013), a "complaint need not cite a specific statutory provision or articulate a perfect 'statement of the legal theory supporting the claim asserted.'" *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quotation omitted). This is especially true when applying Texas' more lenient pleading standard. Essentially, when taking Plaintiffs' allegations as a whole, their complaint contends that Wells Fargo is a debt collector that violated the TDCA by instituting a substitute trustee's sale of Property when the Plaintiffs had not received the notices required by sections 51.002(b) and 51.002(d) of the Texas Property Code. Without some guidance from Plaintiffs as to which provision of the TDCA Wells Fargo has violated, Plaintiffs' allegations do not afford fair notice of the claims being asserted against Wells Fargo.

Plaintiffs respond that they have alleged Wells Fargo is not the holder of the note, and that its collection efforts therefore violated the TDCA. (ECF No. 9 at 7). Wells Fargo argues that this is a new allegation that the Court should not consider because it was raised in a response and not in Plaintiffs' petition. Upon review of Plaintiffs' petition, it appears that they do allege in their claim to quiet title that Wells Fargo may not be the holder of the note. (*Id.* at 4). But as previously

discussed, the undersigned recommends that the quiet title claim be dismissed with prejudice because it has no basis in law. Thus, Wells Fargo's lawful initiation of the foreclosure sale cannot form the basis of a TDCA claim. *See McCaig v. Wells Fargo Bank (Texas), N.A.*, 788 F.3d 463, 478 (5th Cir. 2015) (concluding that because Wells Fargo did not have a right to foreclose, then its threat of initiating foreclosure proceedings was actionable under the TDCA). Accordingly, Plaintiffs' TDCA claims should be dismissed.

Second, even if Plaintiffs' allegations were enough to state a claim for violations of the TDCA, neither section 51.002(b) nor section 51.002(d) of the Texas Property Code requires that Plaintiffs actually receive the requisite notices contemplated in each section. Section 51.002(b) requires that notice of the foreclosure sale must be given by (1) posting at the courthouse door of each county where the property is located, (2) filing in the office of the county clerk of each county where the property is located, and (3) serving written notice of the sale by certified mail. Tex. Prop. Code Ann. § 51.002(b) (West Supp. 2018). Similarly, section 51.002(d) provides that a "mortgage servicer of the debt shall serve a debtor in default under a deed of trust . . . with written notice by certified mail[.]" *Id.* § 51.002(d). Further, section 51.002(e) states that "[s]ervice of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." *Id.* § 51.002(e). Thus, Plaintiffs need not actually receive the notices under either section for service to be completed. *Martins*, 722 F.3d at 256 (stating section 51.002(e) of the Texas Property Code does not require Plaintiff to receive the notice). Thus, Plaintiffs' TDCA claim fails because it has no basis in law.

Lastly, Plaintiffs have not pleaded facts to support that they suffered actual damages for Wells Fargo's alleged TDCA violation. A person may sue under Chapter 392 for "(1) injunctive

relief to prevent or restrain a violation of this chapter; and (2) actual damages sustained as a result of a violation of this chapter." Tex. Fin. Code Ann. § 392.403 (West 2016). Here, the foreclosure of the Property never occurred, and Plaintiffs still reside there. (ECF No. 1-9). Thus, Plaintiffs' allegations of lost equity and mental distress *due to the sale* of the Property is not supportable. Further, Wells Fargo had the right to foreclose as the assignee of the deed of trust and its initiation of foreclosure proceedings alone cannot support an award of actual damages. *Adams v. U.S. Bank, N.A.*, No. 3:17-CV-723-B-BN, 2018 WL 2164520, at *6 (N.D. Tex. Apr. 18, 2018), *adopted by*, No. 3:17-CV-723-B-BN, 2018 WL 2150960 (N.D. Tex. May 10, 2018). Moreover, allegations of attorneys' fees and costs do not support a claim for actual damages. The TDCA provides that "[a] person who successfully maintains" a TDCA action is entitled to reasonable attorneys' fees and costs. Tex. Fin. Code Ann. § 392.403(b). Thus, TDCA plaintiffs seeking actual damages may recover attorneys' fees only in addition to actual damages.

Plaintiffs allege no other facts to support actual damages. Consequentially, Plaintiffs have not alleged actual damages and dismissal is appropriate. *See, e.g., Smith v. JPMorgan Chase Bank, N.A.*, Civ. A. No. 3:15-CV-3582-L, 2017 WL 4698471, at *6 (N.D. Tex. Oct. 19, 2017) (dismissing a claim brought under TDCA § 392.308(a) because the plaintiffs did not plead actual damages); *Whatley v. AHF Fin. Services, LLC*, Civ. A. No. 4:11-CV-488, 2012 WL 7159707, at *4–5 (E.D. Tex. Dec. 17, 2012), *adopted by*, Civ. A. No. 4:11-CV-488, 2013 WL 617050 (E.D. Tex. Feb. 19, 2013) (recommending summary judgment be granted for the defendants where plaintiff pleaded no actual damages for violations of TDCA § 392.304(a)).

Because Plaintiffs have pleaded no facts that state a violation of the TDCA and they have not pleaded actual damages, the undersigned recommends that their TDCA claim be dismissed.

**IV.     Plaintiffs' action to quiet title should be dismissed with prejudice.**

Wells Fargo asks the Court to dismiss all of Plaintiffs' claims with prejudice because there is no cognizable claim as a matter of law. There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction").

Nonetheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged its best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiffs have not had an opportunity to amend their petition. However, it appears that Plaintiffs have stated their best case on their claim to quiet title in light of the Court's taking judicial notice of Wells Fargo's properly recorded assignment of the deed of trust. Thus, any

15

potential amended complaint to quiet title would be futile because it would fail to state a claim upon which relief could be granted. *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016). Accordingly, Plaintiffs' cause of action to quiet title should be dismissed with prejudice.

Although not in the form of a motion, Plaintiffs have requested leave to amend any claims dismissed by the Court. Because the Plaintiffs have not pleaded their best case with respect to their breach of contract claim and their claim for violations under the TDCA, the undersigned recommends that they be accorded an opportunity to amend their complaint to sufficiently state a claim for relief. Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). In that event, Plaintiffs would be held to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a), as explained and clarified by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## V.     Plaintiffs' remaining claims

In their response, Plaintiffs have agreed to dismiss their wrongful foreclosure claim with an opportunity to refile the claim if Wells Fargo forecloses on the Property. (ECF No. 9 at 7). Accordingly, Plaintiffs' wrongful foreclosure claim and request for declaratory relief should be dismissed without prejudice.

Plaintiffs did not respond to Wells Fargo's arguments concerning their fraud claims and, instead, requested leave to amend. (*Id.*). Accordingly, if Plaintiffs files an amended complaint, then they should be allowed to amend their fraud claim in such a pleading.

## CONCLUSION

For these reasons, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendant's Motion to Dismiss (ECF No. 7), **DISMISS** Plaintiffs' claim to quiet title **with prejudice**, **DISMISS** Plaintiffs' other claims **without prejudice**, and allow Plaintiffs an

opportunity to file an amended complaint within the fourteen days allotted for objections to this recommendation.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed November 30, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

17